# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY B. ELLER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0696** (BOR Appeal No. 2046813)
            (Claim No. 2011014473)

**XINERGY CORPORATION/RAVEN CREST,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary B. Eller, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Xinergy Corporation/Raven Crest, by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 25, 2012, in which the Board reversed a December 27, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 1, 2011, decision denying Mr. Eller's request for authorization for treatment, including surgery, and temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

This Court considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

While at work on October 18, 2011, Mr. Eller climbed a berm, tripped, and fell down the other side. On April 1, 2011, the claims administrator held the claim compensable for a right knee contusion. He returned to work two to three days later. After the injury, Mr. Eller's knee frequently popped, stung, and gave out. On April 3, 2012, Mr. Eller was working on a lawn mower at his home. When he straightened up from a crouched position his knee gave out and he fell. Three days later he visited Dr. Phillip D. Surface who found that Mr. Eller had a bucket

1

handle tear of the medial meniscus. Dr. Surface determined that the meniscus tear was related to the initial compensable injury. It was also Dr. Surface's opinion that surgery would be necessary to treat the injury.

In its decision dated June 1, 2011, the claims administrator denied Mr. Eller's request for treatment, including surgery, as well as temporary total disability benefits. The claims administrator determined that the injury was not compensable because it happened at Mr. Eller's home and not in the course of his employment.

The Office of Judges concluded that the April of 2012 injury was an aggravation of the October of 2011 injury and was therefore compensable. The Office of Judges used the standards enumerated in *Wilson v. Workers' Compensation Commissioner*, 174 W.Va. 61, 328 S.E.2d 485 (1984), to arrive at its decision. The Office of Judges found that Mr. Eller's deposition testimony, that his knee condition remained symptomatic after the October of 2011 injury, was credible. The Office of Judges also relied on Dr. Surface's evaluation of Mr. Eller's knee and his determination that the April of 2012 injury was connected to the work-related October of 2011 injury. The Office of Judges ordered the authorization of treatment, including surgery, and temporary total disability benefits as established by appropriate medical evidence.

The Board of Review reversed the Office of Judges' decision on the basis that it was clearly wrong in view of the evidence on the whole record. The Board of Review found that the only compensable condition in this case was the October of 2011 knee contusion. It held that the record contained no evidence that the current treatment, including surgery, was medically necessary and reasonably required to treat the knee contusion.

The Board of Review's decision is based on a material misrepresentation or mischaracterization of the evidentiary record. The only evidence on the record regarding the April of 2012, injury are the reports of Dr. Surface and the accompanying MRI. Dr. Surface found that the April of 2012, injury was related to the compensable October of 2011 injury. He also determined that further treatment and surgery were necessary to treat the injury. There is no evidence on the record to refute his medical opinion.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions to determine the compensability of the April 3, 2011, injury.

Reversed and Remanded.

**ISSUED: December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman

Justice Menis E. Ketchum

**DISSENTING:**
Justice Allen H. Loughry II